# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZOLL MEDICAL CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RESPIRONICS, INC.,<br><br>　　　　Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## ZOLL MEDICAL CORPORATION'S COMPLAINT
## FOR PATENT INFRINGEMENT AGAINST RESPIRONICS, INC.

Plaintiff ZOLL Medical Corporation ("ZOLL") brings this complaint for patent infringement against Respironics, Inc. ("Respironics").

### NATURE OF ACTION

1. This is an action for patent infringement under 35 U.S.C. § 271, *et seq.*, by ZOLL against Respironics for infringement of United States Patent No. 6,681,003.

### PARTIES

2. ZOLL Medical Corporation is a corporation organized under the laws of Massachusetts with a principal place of business in Chelmsford, Massachusetts.

3. Upon information and belief, Respironics is a corporation organized under the laws of Delaware with a principal place of business in Murrysville, Pennsylvania.

### JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271, *et seq.*

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

6. Upon information and belief, Respironics is incorporated in this judicial district.

7. Upon information and belief, Respironics has voluntarily placed patient medical monitoring and treatment systems and methods, including but not limited to the EncoreAnywhere system for use with, e.g., positive airway pressure ("PAP") devices and associated communication hardware and software, and methods of using same (collectively, "the Accused Systems and Methods"), into the stream of commerce, knowing that this judicial district is a likely destination of, and location of use of, a substantial quantity of such Accused Systems and Methods, in whole or part.

8. Upon information and belief, this Court has personal jurisdiction over Respironics because Respironics regularly transacts business in this judicial district by, among other things, offering its systems and methods in whole or part to customers located in this judicial district, including but not limited to the Accused Systems and Methods.

9. Upon information and belief, a substantial part of the events giving rise to these claims for patent infringement, including acts of infringement, occurred in this judicial district.

10. Upon information and belief, Respironics is subject to personal jurisdiction in this judicial district because it maintains or has maintained continuous and systematic contacts with this judicial district.

11. Upon information and belief, Respironics is subject to personal jurisdiction in this judicial district because it purposefully engaged in activities here that gave rise to ZOLL's claims for patent infringement, and that were directed to residents of this judicial district.

12. Upon information and belief, Respironics resides in this district for purposes of 28 U.S.C. §§ 1391(c) and 1400(b) because it is subject to personal jurisdiction in this judicial district.

13. Upon information and belief, venue for this civil action in this judicial district is proper under 28 U.S.C. §§ 1391(b), 1391(c), and/or 1400(b), as Respironics is subject to personal jurisdiction in this district.

## Count I: Patent Infringement of U.S. Patent No. 6,681,003

14. ZOLL incorporates by reference paragraphs 1-13 as if fully set forth herein.

15. On January 20, 2004, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 6,681,003 ("the '003 patent"), entitled "Data Collection and System Management for Patient-Worn Medical Devices," to the listed inventors Marshal Linder of Pittsburgh, Pennsylvania, and Thomas Kaib of North Huntingdon, Pennsylvania. ZOLL is the owner by assignment of the '003 patent. A true and correct copy of the '003 patent is attached as Exhibit A.

16. Upon information and belief, Respironics has infringed and continues to infringe one or more of at least claims 1,2, 4, 5, 8, 16, 19, and 20 of the '003 patent under 35 U.S.C. § 271(a), (b), and/or (c), including but not limited to by making, using, offering for sale, selling, and/or importing the Accused Systems and Methods in the United States, and/or by contributing to and/or inducing such infringement of the '003 patent.

17. Upon information and belief, Respironics has knowingly encouraged and induced third parties through advertisements, instruction manuals, and other means to operate systems and methods, including but not limited to the Accused Systems and Methods, in a manner that infringes the '003 patent, and third parties have so used such systems and methods.

18. Respironics does not have a license or permission to use the '003 patent.

19. As a result of Respironics' infringement of the '003 patent, ZOLL has been irreparably injured. Unless such infringing acts are enjoined by this Court, ZOLL will continue to suffer additional irreparable injury.

20. As a result of Respironics' infringement of the '003 patent, ZOLL has suffered, and continues to suffer, damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits due to loss of sales, profits, and potential sales that ZOLL would have made but for Respironics' infringing acts.

21. Respironics has notice of the '003 patent and its infringing conduct at least as a consequence of this Complaint.

22. Upon information and belief, despite knowledge of the '003 patent, Respironics will continue to infringe this patent with reckless disregard of the '003 patent, by continuing to infringe the patent when it knew or should have known that its actions constituted infringement of one or more valid claims of the '003 patent.

## PRAYER FOR RELIEF

WHEREFORE, ZOLL respectfully requests the following relief:

a) a declaration that Respironics infringes the '003 patent under 35 U.S.C. § 271(a), (b), and/or (c) and a final judgment incorporating the same;

b) equitable relief under 35 U.S.C. § 283, including, but not limited to, an injunction that enjoins Respironics and any of its officers, agents, employees, assigns, representatives, privies, successors, and those acting in concert or participation with them from infringing, contributing to, and/or inducing infringement of the '003 patent;

c) an accounting of all sales, rentals, or other disposition by Respironics of infringing systems and methods;

  d) an award of damages sufficient to compensate ZOLL for infringement of the '003 patent by Respironics, together with prejudgment and post-judgment interest and costs under 35 U.S.C. § 284;

  e) entry of an order compelling Respironics to compensate ZOLL for any ongoing and/or future infringement of the '003 patent, in an amount and under terms appropriate under the circumstances, including an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

  f) a declaration or order finding that Respironics' infringement is willful and/or an order increasing damages under 35 U.S.C. § 284;

  g) a judgment holding that this is an exceptional case under 35 U.S.C. § 285 and awarding ZOLL its reasonable attorney fees, costs, and expenses; and

  h) such other relief deemed just and proper.

## JURY DEMAND

Under Rule 38 of the Federal Rules of Civil Procedure, ZOLL hereby demands trial by jury of all issues so triable by a jury in this action.

| | |
|---|---|
| Dated: December 27, 2012 | FISH & RICHARDSON P.C.<br><br>By: */s/ Santosh V. Coutinho*<br>Santosh V. Coutinho (#5470)<br>222 Delaware Avenue, 17th Floor<br>P.O. Box 1114<br>Wilmington, DE  19899-1114<br>coutinho@fr.com<br>Telephone:  (302) 652-5070<br><br>Kurt L. Glitzenstein (*pro hac vice* pending)<br>One Marina Park Drive<br>Boston, MA 02210<br>glitzenstein@fr.com<br><br>Andrew R. Kopsidas (*pro hac vice* pending)<br>1425 K Street, NW, 11th Fl.<br>Washington, DC  20005<br>kopsidas@fr.com<br><br>***Attorneys for Plaintiff***<br>***ZOLL Medical Corporation*** |