**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ZOLL MEDICAL CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 12-1778-LPS |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| RESPIRONICS, INC., | ) |
| | ) |
| Defendant. | ) |

**RESPIRONICS, INC.'S OPPOSITION TO
ZOLL MEDICAL CORPORATION'S MOTION TO LIFT STAY**

OF COUNSEL:

Denise W. DeFranco
Clara N. Jimenez
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
Two Seaport Lane, 6th Floor
Boston, MA 02210-2001
Tel: (617) 646-1600

J. Michael Jakes
Robert F. Shaffer
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue NW
Washington, DC 20001-4413
Tel: (202) 408-4000

Dated: February 26, 2015
1182529 / 39858

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendant Respironics, Inc.*

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................. 1

II.  LEGAL STANDARD .......................................................................................................... 2

III. ARGUMENT ....................................................................................................................... 2

    A.    Maintaining the Stay Through Appeal Could Simplify the Issues for Trial, While Lifting the Stay Now Could Complicate Them ............................................ 2

    B.    The Case Remains in an Early Stage and No Trial Date Has Been Set .................. 6

    C.    ZOLL Has Not Shown Prejudice or Tactical Disadvantage .................................... 7

IV. CONCLUSION .................................................................................................................... 8

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Autoalert, Inc. v. Dominion Dealer Solutions, LLC*,
  No. 12-1661-JST, 2013 WL 8014977 (C.D. Cal. May 22, 2013) ........................................ 2-3

*Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am.*,
  544 F.2d 1207 (3d Cir. 1976) .................................................................................................. 2

*Belden Techs. Inc. v. Superior Essex Commc'ns LP*,
  C.A. No. 08-63-SLR, 2010 WL 3522327 (D. Del. Sept. 2, 2010) ........................................... 7

*In re Cuozzo Speed Techs., LLC*,
  No. 2014-1301, 2015 WL 448667 (Fed. Cir. Feb. 4, 2015) ..................................................... 4

*Ethicon, Inc. v. Quigg*,
  849 F.2d 1422 (Fed. Cir. 1988) ................................................................................................ 2

*Ever Win Int'l Corp. v. Radioshack Corp.*,
  902 F. Supp. 2d 503 (D. Del. 2012) ......................................................................................... 7

*Fresenius USA, Inc. v. Baxter Int'l*,
  721 F.3d 1330 (Fed. Cir. 2013) ................................................................................................ 6

*Grobler v. Apple Inc.*,
  No. 12-cv-01534-JST, 2013 WL 6441502 (N.D. Cal. Dec. 8, 2013) ................................... 2, 3

*Harris Corp. v. Ruckus Wireless, Inc.*,
  No. 6:11-cv-00618-CEM-KRS (M.D. Fla. Oct. 2, 2014), Dkt. No. 145 .................................. 2

*Intervet Inc. v. Merial Ltd.*,
  617 F.3d 1282 (Fed. Cir. 2010) ................................................................................................ 5

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) .................................................................................................................. 2

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
  C.A. No. 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013) ....................................... 7

*In re NTP, Inc.*,
  654 F.3d 1279 (Fed. Cir. 2011) ................................................................................................ 5

*Research In Motion Ltd. v. Visto Corp.*,
  545 F. Supp. 2d 1011 (N.D. Cal. 2008) .................................................................................... 8

*Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*,
  No. 12-21-JST, 2012 WL 7170593 (C.D. Cal. Dec. 19, 2012) ............................................ 3, 7

*Smarter Agent, LLC v. Mobilerealityapps.com, LLC*,
   889 F. Supp. 2d 673 (D. Del. 2012) ................................................................................2

*Star Envirotech, Inc. v. Redline Detection, LLC*,
   No. 12-01861-JGB, 2013 WL 1716068 (C.D. Cal. Apr. 3, 2013) ...........................................3

*SurfCast, Inc. v. Microsoft Corp.*,
   No. 2:12-cv-333-JDL, 2014 WL 6388489 (D. Me. Nov. 14, 2014) .................................3, 4, 6

*Teva Pharm. USA, Inc. v. Sandoz, Inc.*,
   135 S. Ct. 831 (2015) ........................................................................................................4

**STATUTES**

35 U.S.C. § 318(a) ........................................................................................................................1

35 U.S.C. § 318(b) .....................................................................................................................1, 3

35 U.S.C. § 319 .............................................................................................................................3

Defendant Respironics, Inc. ("Respironics") hereby opposes the motion of plaintiff ZOLL Medical Corporation ("ZOLL") to lift the stay in the present litigation.

## I.     INTRODUCTION

In December 2013, the Court entered a stay pending the outcome of an *inter partes* review ("IPR") of U.S. Patent No. 6,681,003 ("the '003 patent")—ZOLL's only asserted patent in this case—to preserve resources and promote judicial efficiency.  ZOLL now prematurely seeks to lift that stay, notwithstanding that the IPR remains unresolved as Respironics has already appealed the Patent Trial and Appeal Board's ("Board") final written decision to the Federal Circuit.  (*See* Ex. 1, Respironics's Notice of Appeal.[1])  Because the statute expressly permits parties to appeal a final written decision in an IPR to the Federal Circuit as a matter of right, an IPR proceeding does not simply end with the issuance of a final written decision.[2]

This Court's order did not tether the stay to any specific event in the IPR proceeding. (D.I. 42.)  And while Respironics's original motion requested a stay until the Board issued its final written decision (D.I. 19 at 8), now that the Board's portion of the IPR is complete and the proceeding has advanced to the Federal Circuit, it is apparent that the same considerations that warranted a stay in the first instance are still present.  Whether the Federal Circuit affirms or reverses the Board's final written decision, the appeal will likely simplify the issues for trial. Lifting the stay before the Federal Circuit has a chance to weigh in, however, could needlessly complicate the litigation and waste the Court's resources.  This case is still in the early stages of

---

[1] Numbered exhibits referenced herein are attached to the Declaration of Denise W. DeFranco in Support of Respironics, Inc.'s Opposition to ZOLL Medical Corporation's Motion to Lift Stay.

[2] Title 35 refers to the Board's appealable decision as the "final written decision." 35 U.S.C. § 318(a).  But that does not mean that the IPR proceeding has ended.  In fact, the Director cannot publish a certificate canceling or confirming any claims until "the time for appeal has expired or any appeal has terminated."  *Id.* § 318(b).

discovery, and no trial date has been set. Moreover, maintaining the stay through appeal will not unduly prejudice ZOLL, which does not compete with Respironics in the same marketplace.

## II. LEGAL STANDARD

Federal district courts have inherent power to control their dockets by staying proceedings. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am.*, 544 F.2d 1207, 1215 (3d Cir. 1976). In deciding whether to either impose a stay or lift an already imposed stay, courts must weigh the parties' competing interests, *see Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936), and typically consider three factors: "(1) whether a stay will simplify the issues and trial of the case, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Smarter Agent, LLC v. Mobilerealityapps.com, LLC*, 889 F. Supp. 2d 673, 674-75 (D. Del. 2012); *see also* Order at 4, *Harris Corp. v. Ruckus Wireless, Inc.*, No. 6:11-cv-00618-CEM-KRS (M.D. Fla. Oct. 2, 2014), Dkt. No. 145 ("Logically, those same factors are relevant in determining whether to lift a stay.").

In this case, each of these three factors still weighs in favor of maintaining a stay, as explained more fully below.

## III. ARGUMENT

### A. Maintaining the Stay Through Appeal Could Simplify the Issues for Trial, While Lifting the Stay Now Could Complicate Them

District courts have recognized that when a stay is warranted through the Board's issuance of a final written decision, the same considerations also weigh in favor of extending the stay through final resolution of the IPR at the Federal Circuit.[3] *See Autoalert, Inc. v. Dominion*

---

[3] ZOLL's reliance on *Grobler v. Apple Inc.*, No. 12-cv-01534-JST, 2013 WL 6441502 (N.D. Cal. Dec. 8, 2013) is misplaced. In that case, defendant Apple, which sought to maintain the stay, was not a party in the terminated IPR proceeding. *Id.* at *1. Sony—not Apple—had

- 2 -

*Dealer Solutions, LLC*, No. 12-1661-JST, 2013 WL 8014977, at *4 n.5 (C.D. Cal. May 22, 2013) ( rejecting a request to stay the case only through final written decision and granting the stay through appeal "[b]ecause the same considerations would weigh in favor of staying the case through a final determination" on appeal); *see also SurfCast, Inc. v. Microsoft Corp.*, No. 2:12-cv-333-JDL, 2014 WL 6388489, at *2-3 (D. Me. Nov. 14, 2014) (granting a stay through appeal of an IPR proceeding to the Federal Circuit, in part because a stay will lead to a "simplification of the issues," while a denial of a stay could possibly "increase its complexity"); *Star Envirotech, Inc. v. Redline Detection, LLC*, No. 12-01861-JGB, 2013 WL 1716068, at *3 (C.D. Cal. Apr. 3, 2013) (granting a stay "pending final exhaustion of all pending *Inter Partes* Review proceedings, including any appeals"); *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, No. 12-21-JST, 2012 WL 7170593, at *4 (C.D. Cal. Dec. 19, 2012) (granting a stay "pending final exhaustion of all pending IPR proceedings, including any appeals").  Because Title 35 expressly permits parties to appeal a final written decision in an IPR to the Federal Circuit as a matter of right, an IPR proceeding does not simply end with the issuance of a final written decision.  35 U.S.C. § 319 ("Any party to the inter partes review shall have the right to be a party to the appeal."); *see also id.* § 318(b) (establishing that the Director cannot publish a certificate canceling or confirming any claims until "the time for appeal has expired or any appeal has terminated").

---

filed the request for IPR against Grobler's patent, which was instituted. *Id.*  Sony and Grobler reached a settlement agreement and the Board terminated the IPR. *Id.*  Despite not joining Sony's original petition, Apple petitioned the Board to reopen the terminated IPR proceeding and allow Apple to proceed in Sony's place, or alternatively, allow Apple to pursue its own IPR. *Id.*  The Board rejected Apple's requests. *Id.*  In granting Grobler's motion to lift the stay, the district court relied, in part, on Apple's "deliberate failure to join the IPR within the applicable time limitations." *Id.* at *3.  Thus, *Grobler* simply does not address the situation where a legitimate IPR *petitioner* seeks to maintain a stay pending Federal Circuit review on the merits.

Here, the Federal Circuit could still simplify the issues for trial, either by invalidating the remaining asserted claims,[4] confirming the asserted claims, or modifying the scope of the asserted claims. *See SurfCast*, 2014 WL 6388489, at *2-3 (discussing how maintaining a stay through appeal could simplify issues even if the Federal Circuit upholds or only partially upholds the Board's findings). Even if the Board's decision is affirmed, the Court could benefit from the Federal Circuit's analysis of the asserted claim terms and the prior art.

ZOLL assumes that the Federal Circuit will apply a "substantial evidence" standard of review and affirm the Board's final written decision.[5] (D.I. 46 at 4.) ZOLL's assumption is misguided. One issue in Respironics's appeal is the Board's incorrect claim construction, which was not based on extrinsic evidence and thus will not be afforded any deference at the Federal Circuit. *In re Cuozzo Speed Techs., LLC*, No. 2014-1301, 2015 WL 448667, at *8 (Fed. Cir. Feb. 4, 2015) ("We review underlying factual determinations concerning extrinsic evidence for substantial evidence and the ultimate construction of the claim de novo. Because there is no issue here as to extrinsic evidence, we review the claim construction de novo." (citing *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 841 (2015))).

In its decision to institute the IPR, the Board construed the term "patient compliance [and use] data" to mean "data indicating whether a patient has followed instructions for use." (Ex. 2,

---

[4] ZOLL incorrectly asserted that "[t]he PTO rejected Respironics' invalidity challenges to the '003 patent and confirmed the patentability of all contested claims." (D.I. 46 at 1) Respironics challenged the patentability of claim 1 of the '003 patent and the Board invalidated claim 1 in the IPR proceeding. (D.I. 46 Ex. A at 11-12.)

[5] ZOLL's reliance on historical statistics regarding the Federal Circuit's reversal rates of decisions by the U.S. Patent and Trademark Office ("PTO") is unavailing. As an initial matter, these statistics do not include appeals in post-grant proceedings, which are only now beginning to reach the Federal Circuit. Moreover, the statistics reflect appeals from *all* PTO decisions—including appeals from rejected patent applications. *See generally* Federal Circuit Statistics, Appeals Filed, Terminated, and Pending, *available at* http://www.cafc.uscourts.gov/the-court/statistics.html. Finally, the statistics do not break down reversal rates by the issue appealed (i.e., anticipation, obviousness, or claim construction).

Decision to Institute at 7.) Based on that construction, the Board instituted the IPR, noting that "Respironics demonstrated a 'reasonable likelihood that it will prevail in showing anticipation.'" (*Id.* at 10.) In its final written decision, the Board purported to adopt the same claim construction (D.I. 46, Ex. A at 7-8). But in its application of its claim construction to the prior art, the Board erroneously added new requirements to its original claim construction and concluded that those new requirements were not present in the prior art. *(Id*. at 13-20; Ex. 3, Petition for Rehearing at 5 (noting the Board's analysis of the prior art was "not faithful to the Board's construction of the term 'patient compliance data'").) This error was the basis for the Board's *reversal* of its original logic that had led it to find that Respironics had demonstrated a reasonable likelihood that the challenged claims were invalid. The Federal Circuit will apply a de novo standard of review in determining whether the Board improperly applied its claim construction to the prior art. *See Intervet Inc. v. Merial Ltd.*, 617 F.3d 1282, 1287, 1290 (Fed. Cir. 2010) (applying a de novo standard of review in holding that the district court improperly applied its claim construction, clarifying the proper interpretation of the claim construction, and remanding the question of infringement in light of the proper interpretation). In any event, even if a substantial evidence standard were applicable, the Board entered findings of fact regarding the disclosures in the prior art which demonstrate that the Board's validity finding is not supported by substantial evidence. (*See* Ex. 3, Petition for Rehearing at 8-9 (identifying Board findings that could only lead to an ultimate finding of anticipation)); *see also In re NTP, Inc.*, 654 F.3d 1279, 1302 (Fed. Cir. 2011) (reversing the Board's anticipation findings because they were not supported by substantial evidence).

Of course, this Court need not decide the merits of Respironics's appeal in considering whether to lift the stay. Regardless of the standard of review on appeal, ZOLL cannot dispute

that the Federal Circuit could still invalidate all of the asserted claims of the '003 patent or materially change their scope. Indeed, ZOLL eventually agreed to a stay in the first instance after conceding that "the scope of the asserted patent claims may be affected by the IPR proceeding." (D.I. 41.) That same possibility remains as the IPR proceeds to the Federal Circuit. To be sure, the Federal Circuit could also affirm the Board's final written decision. But even with an affirmance, this Court could still benefit from the Federal Circuit's final resolution of the IPR.

While a stay could ultimately simplify the resolution of this case, the denial of a stay would likely increase its complexity. If the Federal Circuit ultimately reverses the Board or alters the scope of the asserted claims, much of the work performed in this proceeding could be rendered moot. Moreover, litigating the '003 patent in two forums at once could lead to inconsistent rulings. *See, e.g.*, *Fresenius USA, Inc. v. Baxter Int'l*, 721 F.3d 1330 (Fed. Cir. 2013) (affirming PTO determination that asserted claims were invalid despite earlier Federal Circuit affirmance of district court holding that the claims were not invalid). In sum, because Respironics's appeal to the Federal Circuit could simplify issues for trial, this factor weighs in favor of maintaining the stay.

      **B.**      **The Case Remains in an Early Stage and No Trial Date Has Been Set**

Discovery in this action has only just started. ZOLL has served its initial infringement claim chart (*see* D.I. 36) and Respironics has served its initial invalidity contentions (*see* D.I. 37). Moreover, both sides have served initial sets of interrogatories and requests for production. (*See* D.I. 38; D.I. 39.) But document production is not complete, the claim construction process has not yet started, no depositions have been taken, and no trial date has been set. *Cf. SurfCast*, 2014 WL 6388489, at *2 (granting a stay through appeal of an IPR to the Federal Circuit where discovery was complete, a *Markman* order had been issued, and summary judgment was briefed,

but no trial date had been set); *Semiconductor Energy Lab.*, 2012 WL 7170593, at *2-4 (granting a stay through appeal of an IPR to the Federal Circuit where fact discovery had begun but had not been finished, no depositions had been taken, the parties had not briefed the court on claim construction, and no claim construction order had been issued). Because this case is still in the early stages of discovery, this factor also weighs in favor of maintaining a stay.

        C.       **ZOLL Has Not Shown Prejudice or Tactical Disadvantage**

ZOLL's motion does not mention any specific prejudice that it would face if this Court's stay remains intact, and for good reason—ZOLL and Respironics do not compete in the same marketplace. *See Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 508, 511 (D. Del. 2012) (noting the "relationship of the parties" as a factor in determining prejudice). While ZOLL sells cardiac resuscitation products such as defibrillators, pacing machines, and electrodes (*see* D.I. 19 Ex. 2, ZOLL Medical – Corporate Brochure), Respironics sells sleep and respiratory care products, such as positive airway pressure devices used to treat sleep apnea. (*See* D.I. 19 Ex. 3, Philips Respironics Product Catalog.) Additionally, ZOLL did not seek a preliminary injunction in this case, further indicating that ZOLL would not be prejudiced by maintaining the current stay. *See, e.g.*, *Belden Techs. Inc. v. Superior Essex Commc'ns LP*, C.A. No. 08-63-SLR, 2010 WL 3522327, at *2-3 (D. Del. Sept. 2, 2010) (noting that requests for preliminary injunctions are indicators of direct competition and possible undue prejudice).

Unable to dispute any of this, ZOLL is left with the boilerplate argument that "[f]urther delay is unwarranted." (D.I. 46 at 2.) But delay, without more, is insufficient to demonstrate undue prejudice. *See Neste Oil OYJ v. Dynamic Fuels, LLC*, C.A. No. 12-1744-GMS, 2013 WL 3353984, at *2 (D. Del. July 2, 2013) ("The mere potential for delay . . . is insufficient to establish undue prejudice."); *see also Research In Motion Ltd. v. Visto Corp.*, 545 F. Supp. 2d 1011, 1012 (N.D. Cal. 2008) (staying infringement action pending reexamination and noting that

"the delay in having such claims adjudicated in court, does not, by itself, constitute *undue prejudice*"). This Court's stay has been in place for a little over fourteen months, yet ZOLL has not identified any resulting prejudice or tactical disadvantage that it has suffered during that time. On average, a Federal Circuit appeal from a PTO decision is disposed of within ten months of docketing.[6] Even if the duration of Respironics's appeal were to exceed that historical average, ZOLL has not alleged any resulting prejudice or tactical disadvantage other than the "delay" itself.

In sum, because any prejudice to ZOLL is minimal, this factor also weighs in favor of maintaining the stay until the Federal Circuit appeal is complete.

## IV.   CONCLUSION

The potential to simplify or even eliminate issues at the early stages of this action, without unduly prejudicing ZOLL, supports maintaining the current stay pending the Federal Circuit's final resolution of the IPR. Accordingly, Respironics respectfully requests that the Court deny ZOLL's premature motion to lift the stay.

---

[6] *See* Federal Circuit Statistics, Median Time to Disposition in Cases Terminated After Hearing or Submission, Docketing Date to Disposition Date, in Months, *available at* http://www.cafc.uscourts.gov/images/stories/Statistics/med%20disp%20time%20merits_table.pdf.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td></td><td>POTTER ANDERSON & CORROON LLP</td></tr>
<tr><td>OF COUNSEL:</td><td></td></tr>
<tr><td>Denise W. DeFranco<br>Clara N. Jimenez<br>FINNEGAN, HENDERSON, FARABOW,<br>  GARRETT & DUNNER, L.L.P.<br>Two Seaport Lane, 6th Floor<br>Boston, MA 02210-2001<br>Tel: (617) 646-1600</td><td>By:  <i>/s/ Bindu A. Palapura</i><br>    Richard L. Horwitz (#2246)<br>    David E. Moore (#3983)<br>    Bindu A. Palapura (#5370)<br>    Hercules Plaza, 6th Floor<br>    1313 N. Market Street<br>    Wilmington, DE 19801<br>    Tel: (302) 984-6000</td></tr>
<tr><td>J. Michael Jakes<br>Robert F. Shaffer<br>FINNEGAN, HENDERSON, FARABOW,<br>  GARRETT & DUNNER, L.L.P.<br>901 New York Avenue NW<br>Washington, DC 20001-4413<br>Tel: (202) 408-4000</td><td>    rhorwitz@potteranderson.com<br>    dmoore@potteranderson.com<br>    bpalapura@potteranderson.com<br><br><i>Attorneys for Defendant Respironics, Inc.</i></td></tr>
<tr><td>Dated: February 26, 2015<br>1182529 / 39858</td><td></td></tr>
</table>