IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ZOLL MEDICAL CORPORATION, :
:
    Plaintiff, :
:
v. : C.A. No. 12-1778-LPS
:
RESPIRONICS, INC., :
:
    Defendant. :

## MEMORANDUM ORDER

At Wilmington this **8th** day of **July, 2015**:

Having reviewed the parties' briefing and other materials filed with respect to Plaintiff Zoll Medical Corporation's ("Zoll") motion to lift stay following *inter partes* review (D.I. 46, 47, 49, 50), IT IS HEREBY ORDERED that Zoll's motion (D.I. 46) is **GRANTED**, for the reasons stated below.

    1.    On December 16, 2013, the Court granted Defendant Respironics, Inc.'s ("Respironics") ***unopposed*** motion to stay this patent infringement action pending *inter partes* review ("IPR") of the patent-in-suit by the U.S. Patent and Trademark Office ("PTO"), which two weeks earlier the PTO had granted. Given the statutory deadlines for completion of an IPR, Respironics assured the Court that the length of the stay would not exceed 18 months. (*See* D.I. 19 at 8) ("[A]t most, Respironics' motion seeks an eighteen month stay of this litigation, the time period within which the entire *inter partes* review proceeding must be completed.") Based on these realities and representations, Zoll withdrew its prior opposition to the requested stay (D.I.

1


41); and, based largely on the lack of opposition, the Court granted the stay (D.I. 42).[1]

2. The IPR proceeding is now complete and the PTO has confirmed the patentability of Zoll's patent claims. (*See* D.I. 46 at 1)[2] Understandably, Zoll now wishes to proceed with the litigation it filed more than 2 ½ years ago, on December 27, 2012. (D.I. 1) Oddly, however, and in tension with its prior representations that it was only seeking a stay pending IPR, and that such a stay would not exceed 18 months, Respironics opposes lifting the stay.

3. The proper exercise of the Court's discretion under these circumstances is to lift the stay and proceed with the litigation, just as the parties (and the Court) envisioned at the time the unopposed motion to stay was granted. The IPR proceeding is complete and the stay has been in place nearly 19 months. Respironics has pointed to no new, unforeseeable events to cause the Court to depart from the path that was set when the stay was imposed. As Zoll puts it, "Having taken its shot in the USPTO and failed, Respironics should not be able to preclude Zoll from pursuing its claims in this court for an indeterminate period of time." (D.I. 49 at 1)

4. Even ignoring this history, the Court would reach the same conclusion and lift the stay, as a further stay is not warranted. The present circumstances involve a patent infringement case that has essentially been stalled for 2 ½ years, despite the claims of the patent-in-suit having been confirmed in IPR and despite the accused infringer being estopped from raising the invalidity grounds it raised or reasonably could have raised in the IPR. *See* 35 U.S.C.

---

[1]Had Respironics initially been seeking a stay that would extend to the period during which any appeal from the IPR would be pending, it is likely Zoll would have continued to oppose the motion, and the Court's calculus might very well have differed too.

[2]Claim 1 was cancelled, while the remaining eight claims were confirmed. (*See* D.I. 49 at 5)

§ 315(e)(2). The pendency of an appeal from the IPR, and the possibility that the Federal Circuit may reverse the PTO (and thereby simplify this litigation by, presumably, making it disappear),[3] is not, in and of itself, a sufficient basis to make the patentee here continue to wait to enforce patent rights that it currently holds. Continuing the stay would unduly prejudice Zoll and unfairly advantage Respironics, in part by keeping this case at its relatively early stage for perhaps up to another year, while the appeal is briefed and decided.

IT IS FURTHER ORDERED that the parties shall meet and confer and submit a proposed scheduling order no later than **July 22, 2015**.

_____
HON. LEONARD P. STARK
U.S. DISTRICT COURT JUDGE

---

[3] Respironics suggests that "[e]ven if the Board's decision is affirmed, the Court could benefit from the Federal Circuit's analysis of the asserted claim terms and the prior art." (D.I. 47 at 4) Assuming there is the potential for simplification even if the PTO's decision is affirmed, this Court will likely be able to reap the benefits of such simplification, as the Federal Circuit is likely to rule before this case can reach trial. The parties should factor these concerns into their scheduling proposals.