MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

(302) 658-9200
(302) 658-3989 FAX

JACK B. BLUMENFELD
(302) 351-9291
(302) 425-3012 FAX
jblumenfeld@mnat.com

February 25, 2016

The Honorable Leonard P. Stark  *VIA ELECTRONIC FILING*
United States District Court
for the District of Delaware
844 North King Street
Wilmington, DE 19801

Re: *ZOLL Medical Corporation v. Respironics, Inc.*,
C.A. No. 12-1778 (LPS)

Dear Chief Judge Stark:

ZOLL moves to strike the entirely new evidence and arguments Respironics submitted with its responsive declaration of John A. Stankovic ("Responsive Stankovic Declaration") (Exh. 1) as well as any portions of Respironics's Responsive Markman Brief (D.I. 108) that rely on that declaration. In the alternative, ZOLL requests leave to file a rebuttal declaration from its expert, Dr. Weaver (Exh. 2), although that would not wholly cure the prejudice to ZOLL. Respironics could and should have presented the new evidence and arguments made in the Responsive Stankovic Declaration with its opening brief. Instead, it waited until its responsive brief, just over a week before the claim construction hearing, to disclose its expert's opinions. By doing so, Respironics has deprived ZOLL of the opportunity to respond to its new arguments.

Where a "defendant[] fail[s] to raise [an] argument in [its] opening brief, thereby [denying the plaintiff] the opportunity to respond in its opposition brief, the court will not consider [the] defendant['s] . . . arguments . . . ." *Ad Hoc Comm. of Equity Holders of Tectonic Network, Inc. v. Wolford*, 554 F. Supp. 2d 538, 562 n. 168 (D. Del. 2008); *see also* D. Del. L.R. 7.1.3(c)(2) ("[A] party filing [an] opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief."). This "tactic of reserving new arguments for [a] reply brief amounts to impermissible 'sandbagging,'" and courts may "decline[] to address" such arguments. *Rockwell Techs., LLC. v. Spectra-Physics Lasers, Inc.*, 2002 WL 531555, at *3 (D. Del. Mar. 26, 2002). It is inherently unfair to allow a party to raise new issues when its opponent has no opportunity to respond. *See Tectonic Network*, 554 F. Supp. 2d at 562 n. 168. Even "a passing reference to an issue will not suffice to bring that issue before [the] [C]ourt." *Laborers' Int'l Union v. Foster Wheeler Energy*, 26 F.3d 375, 398 (3d Cir. 1994) (alterations omitted).

Respironics filed a declaration from Dr. Stankovic with its Opening Brief that reduces to a two-sentence opinion in one paragraph relating to a single term of U.S. Patent No. 6,681,003 (the "'003 Patent), the entirety of which is pasted below:

> 22. The '003 patent discloses the concepts of "sensor function" ('003 Patent at 4:31) and "sensor data, such as ECG signals from a holter monitor" (*id.* at 4:16-17). A person of ordinary skill in the art would understand from these disclosures and the '003 patent as a whole that the type of sensor that would perform the "sensor function" and obtain the "sensor data" described in the '003 patent would do nothing more than obtain raw ECG data readings from a patient.

D.I. 90 (Opening Stankovic Declaration), Exh. 3, ¶ 22; *see also id.*, ¶¶ 1-21 (describing qualifications and materials reviewed). With its Responsive Brief, however, Respironics filed a ***thirty-three*** page declaration from Dr. Stankovic with new arguments regarding various terms in dispute. Exh. 1 at 2-34, D.I. 108.01 at 1-7, 68-72. Respironics cannot contend that it was not until its Responsive Brief that it realized that its new arguments would be relevant. *See Rexnord Corp. v. Laitram Corp.*, 274 F.3d 1336, 1343 (Fed. Cir. 2001) ("[P]arties should provide the district court with all relevant arguments and point out with specificity the relevant [intrinsic evidence].").

For example, Respironics argued in its Opening Brief that ZOLL's proposed structure of "sensors, timers, and related circuitry" was incorrect and that the disputed "means for monitoring and storing" term was indefinite. D.I. 89 at 11-12. Respironics bears the burden of proving indefiniteness by clear and convincing evidence. *Chi. Bd. Options Exch., Inc. v. Int'l Secs. Exch., LLC*, 748 F.3d 1334, 1141 (Fed. Cir. 2014). Yet, the sole substantive paragraph of the Opening Stankovic Declaration included only a single conclusory sentence regarding sensors, D.I. 89 ¶ 22, and did not include any opinion on whether sensors could perform the claimed functions or discuss the other structures at issue.

Just days before the claim construction hearing, however, Dr. Stankovic greatly expanded his opinions regarding the "means for monitoring and storing" terms, opining on the issue of indefiniteness and including sixteen paragraphs taking up seven pages to assert new positions not disclosed in its Opening Brief, Exh. 1 ¶¶ 10-25. And the Responsive Stankovic declaration is hardly a truly responsive declaration—only three of those paragraphs mention ZOLL's expert Dr. Weaver. Exh. 1,¶¶ 15, 17, 21. Instead, Respironics uses the declaration to get a second, bigger bite at the apple with respect to its opening claim construction positions.

Similarly, the remainder of the Responsive Stankovic Declaration includes forty-four paragraphs addressing disputed terms that Dr. Stankovic did not mention in his opening declaration. Exh. 1 ¶¶ 26-70. These new opinions could and should have been raised in the Opening Stankovic Declaration. Dr. Stankovic repeatedly makes only brief assertions that Dr. Weaver's ultimate conclusions as to particular terms are incorrect. He then proceeds to expand on the same arguments Respironics made in its Opening Brief while denying ZOLL a meaningful chance to respond. For example, in his discussion of "means for connecting" and "means for downloading," Dr. Stankovic takes one sentence to "respectfully disagree[]" with Dr. Weaver's conclusions. Exh. 1 ¶ 27. He then expands Respironics's two paragraphs of argument on these terms from its Opening Brief into two full pages without any further mention of Dr. Weaver or his declaration. *See id.* at ¶¶ 28-32; D.I. 89 at 14-15. Similarly, Respironics expanded approximately one page of briefing relating to the term "means for connecting the patient database to the communication network" in its Opening Brief to over four full pages in the Responsive Stankovic Declaration. D.I. 89 at 15-16; Exh. 1 ¶¶ 33-40. This section of the Stankovic Declaration only mentions Dr. Weaver in three paragraphs, disagreeing with his ultimate conclusions and then expanding on Respironics's opening positions. Exh. 1¶¶ 35, 38, 40.

Respironics's declaration also includes improper legal conclusions. *Brigham & Women's Hosp. Inc. v. Teva Pharm. USA*, Inc., No. CIV.A. 08-464, 2010 WL 3907490, at *2 (D. Del. Sept. 21, 2010) ("The law of this district is clear that experts in patent cases may not opine on[,] . . . or otherwise provide legal conclusions on 'substantive issues of patent law.'"). The portion of the Responsive Stankovic Declaration that relates to the term "means for monitoring and storing" is filled with legal argument masquerading as expert testimony. For example, rather than opine on whether a person of skill could identify the structure to perform the claimed "monitoring and storing" functions, Dr. Stankovic stated that the Asserted Patent "does not disclose structure sufficient to satisfy 35 U.S.C. § 112, ¶ 6," a purely legal conclusion. D.I. 110 ¶ 14; *see also id.* ¶ 18 ("While the concept of 'sensor function' relates to device operation at some level, I understand that this disclosure cannot constitute structure under 35 U.S.C. § 112, ¶ 6."). Dr. Stankovic further opined that a prior art patent cited by Dr. Weaver "cannot, ***as a legal matter***, provide the missing structure," *id.* ¶ 21, and that the Asserted Patent "***must disclose*** an algorithm that performs [the monitoring] function," *id.* ¶ 25 (emphasis added). Dr. Stankovic is offering legal conclusions to which he is not competent to testify.

ZOLL respectfully requests that the Court strike the Responsive Stankovic Declaration, as well as any portion of Respironics's Responsive Brief relying on the declaration. Alternatively, this Court should grant ZOLL leave to file a rebuttal declaration from Dr. Weaver.

Respectfully,

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)

JBB/bac
Attachments
cc: Clerk of Court (via hand delivery; w/attachments)
All Counsel of Record (via electronic mail; w/attachments)